**EXPERT ELECTRIC, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 06–1180.

United States Court of Appeals, District of Columbia Circuit.

Nov. 27, 2007.

James S. Frank, Epstein Becker & Green, PC, Donald S. Krueger, Ross & Hardies, New York, NY, for Petitioner.

Linda Dreeben, Deputy Assistant General Counsel, Meredith L. Jason, Attorney,

Usha Dheenan, National Labor Relations Board, Washington, DC, for Respondent.

Before: SENTELLE, RANDOLPH and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

This petition for review and cross-application for enforcement were considered on the record from the National Labor Relations Board and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the petition for review be denied and the Board's cross-application for enforcement be granted.

Petitioner Expert Electric, Inc. (Expert) disputes the Board's finding that it unlawfully withdrew from multiemployer bargaining and withdrew recognition from Local 3, International Brotherhood of Electrical Workers, AFL–CIO (Local 3). Because Local 3 did not consent to Expert's withdrawal, Expert was entitled to withdraw only if "unusual circumstances" existed. *Retail Assocs., Inc.,* 120 NLRB 388, 395 (1958). Expert alleges three circumstances worth discussing: (1) the United Electrical Contractors Association (Association) expelled Expert because Expert's owner disagreed with the Association's strategy, (2) interim agreements fractured the multiemployer bargaining unit, and (3) Local 3 bargained in bad faith.

The record supports the administrative law judge's finding that the Association expelled Expert because of its owner's disruptive behavior, not his views. Because Expert's expulsion resulted from its own actions, this case is similar to those in which an employer's expulsion for failure to pay dues did not remove the obligation to participate in multiemployer bargaining. *E.g., Roberts Elec. Co.,* 227 NLRB 1312, 1317 (1977).

The interim agreements between Local 3 and individual employers provided that the agreements would end when the Association signed its own agreement with Local 3. Two memoranda of understanding provided that they would survive an agreement between the Association and Local 3. However, they also stated that the survival language would be "null and void" if the Board were to find it "inconsistant [sic] with the proper scope of an interim agreement." These temporary agreements did not excuse Expert's withdrawal. *Charles D. Bonanno Linen Serv., Inc. v. NLRB,* 454 U.S. 404, 414–15, 102 S.Ct. 720, 70 L.Ed.2d 656 (1982).

Substantial evidence supported the finding that Local 3 did not bargain in bad faith. Such a determination is "largely a matter for the Board's expertise." *NLRB v. Cauthorne,* 691 F.2d 1023, 1026 n. 5 (D.C.Cir.1982).

Expert also challenges the Board's finding that it unlawfully delayed in providing its employees' telephone numbers to Local 3. Expert does not dispute that it first produced these numbers about four months after Local 3 requested them. The Board has held delays shorter than four months to be unlawful, *e.g., Crittenton Hosp.,* 343 NLRB 717, 745 (2004), and we defer to its judgment here, *Truck Drivers Local No. 705 v. NLRB,* 509 F.2d 425, 428 (D.C.Cir.1974).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.